FILED
2015 Apr-01 PM 02:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ] | |
| | ] | |
| **Plaintiffs,** | ] | |
| | ] | |
| **v.** | ] | |
| | ] | **Case No.: 4:14-cv-00992-KOB** |
| **GADSDEN INDUSTRIAL PARK, LLC,** | ] | |
| | ] | |
| | ] | |
| **Defendant.** | ] | |

**MEMORANDUM OPINION**

This CERCLA matter comes before the court on two series of Reports and Recommendations. Plaintiff United States of America's subsequent "Unopposed Motion for Leave to Dismiss Claim of Operator Liability and to Withdraw Motion for Leave to Amend Complaint," (Doc. 32), which the magistrate judge granted in part, (Doc. 33), renders moot many of the objections USA previously raised to the first report.

Specifically, the magistrate judge issued his first Report and Recommendation, (Doc. 22), which recommends granting defendant Gadsden Industrial Parks, LLC's "Motion to Dismiss," (Doc. 10). Both USA and GIP filed objections ("United States' Objections to Magistrate Judge's Report and Recommendation on Motion to Dismiss," (Doc. 26); "Defendant's Precautionary Limited Objections to Report and Recommendation Solely in Order to Protect the Record Against Waiver," (Doc. 24)). Both parties responded to each other's objections. (Doc. 28; Doc. 29).

USA also filed its "Motion for Leave to Amend Complaint [Opposed]," (Doc. 25), which

the magistrate judge recommended denying as futile in his second Report and Recommendation, (Doc. 31). At that point, USA filed its motion for leave to dismiss its operator liability claim and to withdraw its motion for leave to amend its compliant, (Doc. 32). The magistrate judge granted USA's motion as to the request to withdraw its motion for leave to amend its complaint, (Doc. 33).

**I. Report and Recommendation on Motion to Amend (Doc. 31)**

USA's withdrawal of its motion for leave to amend *after* the magistrate judge filed his Report and Recommendation recommending its denial presents an interesting procedural issue: how should this court treat the Report and Recommendation to deny the motion to amend when USA has withdrawn its motion to amend? The granting of the motion to withdraw seems to render moot the previously issued Report and Recommendation because the motion to amend addressed by the Report and Recommendation no longer exists. In any event, should doing so be necessary, the court **ADOPTS** the Report and Recommendation, (Doc. 31), and **DENIES** USA's motion for leave to amend. The result is the same.

**II. Report and Recommendation on Motion to Dismiss (Doc. 22)**

The magistrate judge recommended finding against USA on all claims. USA made several objections. (Doc. 26). However, USA subsequently "concede[d] dismissal of its operator liability claim" and "[withdrew] its Objections to the First R&R, to the extent they address the United States' claim of operator liability." (Doc. 32, 2). The operator liability and owner liability issues are discussed separately below.

**A. Operator Liability**

As part of its motion to withdraw, USA sought permission to dismiss with prejudice its

claim for operator liability against GIP. It also withdrew its corresponding objections to the Report and Recommendation that challenged the recommendation to dismiss the operator liability claim. The court, having reviewed the materials in the record on this matter, **ADOPTS** the portion of the Report and Recommendation concerning operator liability, (Doc. 22), and **DISMISSES WITH PREJUDICE** the claims in the complaint predicated on operator liability.

**B. Owner Liability**

**1. USA's Objections**

USA makes several objections to the magistrate judge's Report and Recommendation regarding owner liability.

First, USA objects to the magistrate judge's finding that the slag owned by GIP and the slag pile containing the slag, which GIP owned, are not "facilities" within the meaning of CERCLA. USA argues that the slag or the slag pile are a "facility" and the *contents* of the slag--arsenic, chromium, copper, lead, manganese, and zinc--are the "hazardous materials." GIP responds that USA's argument, in essence, turns any mixing of hazardous and non-hazardous materials into a "facility." Instead, argues GIP, the statutory definition of "facility" does not include an item of personal property, no matter how large, such as the slag or slag piles and the proper "facility" here is the land the slag and slag piles are located on, which GIP does not own.

USA's argument does not make sense because the hazardous substance and facility must be distinct. *See Com. of Mass. v. Blackstone Valley Elec. Co.*, 808 F. Supp. 912, 912 (D. Mass 1992) (finding blue sludge containing ferric ferrocyanide is the "hazardous material" and property where sludge was located is the "facility"). As USA points out in its objection, the slag and slag pile contain enough waste material to fill the Dallas Cowboys Stadium. Further, if the

slag or slag pile were dropped into Dallas Cowboys Stadium, *the stadium* would become a facility, not the slag itself. Thus, the court agrees with the magistrate judge on this issue.

Second, USA objects to 11 "factual findings" of the magistrate judge's Report and Recommendation. GIP responds that the magistrate judge did not make factual findings because the magistrate judge merely provided a recommendation to the court regarding the legal sufficiency of USA's complaint. Each "factual finding" is discussed below.

USA's objections to "factual finding" 1, 6, and 7 are the only objections that actually relate to the averments in USA's complaint. However, the magistrate judge's recitation of these facts or claims are not incorrect notwithstanding that the magistrate judge failed to quote USA's complaint *verbatim*.

USA's objections to "factual findings" 2, 3, 4, and 5 relate to the procedural posture of this case and related proceedings. The court finds that the magistrate judge fairly related the history of the case and, even if the magistrate judge had not, the statements are irrelevant to the magistrate judge's ultimate recommendation regarding the legal questions posed in GIP's motion to dismiss.

USA's objections to "factual findings" 8 and 9 relate to legal findings not necessary for the conclusions of the magistrate judge. For example, whether the plaintiff must show that a site is a facility or, rather, whether the plaintiff must show that a release of hazardous material occurred or might occur at a facility is irrelevant when USA has failed to show any slag-facility. Further, how CERCLA defines a "responsible party" is irrelevant when USA has failed to show any facility exists.

Finally, USA's objections to "factual findings" 10 and 11 relate to the magistrate judge's

citations to particular cases. Any minor errors in parentheticals or case names are not dispositive. Thus, the court agrees with the magistrate judge or finds irrelevant all of USA's objections to the "factual findings" of the magistrate judge's Report and Recommendation.

**2. GIP's Objections**

The magistrate judge recommended finding in GIP's favor on all claims. However, GIP made three objections to "preserv[e] GIP's arguments on certain issues and protect[] against waiver." (Doc. 24, 1).

First, GIP objects to the magistrate judge's finding that USA's complaint states a claim even if the complaint does not plead facts suggesting risk of harm to human health or the environment. (Doc. 24, 1). GIP argues that USA, to survive a motion to dismiss, must show that USA's costs to remediate the slag piles were not inconsistent with the National Contingency Plan because the costs were "necessary." The statute states that USA may recover "all costs" while "any other person" may only recover "necessary costs." 42 U.S.C. § 9607(a)(4)(A)-(B). "Where Congress knows how to say something but chooses not to, its silence is controlling." *In re Haas*, 48 F. 3d 1153, 1156 (11th Cir. 1995).

USA sufficiently alleged that its costs were not inconsistent with the National Contingency Plan. Further, whether costs are actually inconsistent with the National Contingency Plan is a fact issue as to the amount of damages for the jury. *See United States v. Mottolo*, 695 F. Supp. 615, 630 (D.N.H. 1988). Therefore, the court agrees with the magistrate judge on this issue.

Second, GIP objects to the magistrate judge's finding that the Bevill Amendment, 28 U.S.C. § 6921(b)(3), does not exempt the slag piles from CERCLA's regulation of hazardous

material. (Doc. 24, 1-2). GIP argues that "slag" is exempt from CERCLA under the Bevill Amendment. USA points out, however, that USA's theory is that the *contents* of the slag--arsenic, chromium, copper, lead, manganese, and zinc--are the hazardous materials and those materials are not exempt under the Bevill Amendment. Further, items exempt from CERCLA under the Bevill Amendment are still covered by CERCLA if they fall within another definition of hazardous material as "[v]irtually every court to consider the Bevill Amendment" has found. (Doc. 22, 14). Again, the court agrees with the magistrate judge on this issue.

Third, GIP objects to the magistrate judge's finding that USA need only show liability for costs already incurred to state a claim for declaratory relief. (Doc. 24, 2). GIP argues that USA must show future damages to entitle it to declaratory relief. However, as USA points out and the magistrate judge found, declaratory relief is mandatory for a § 107 government cost recovery action (as opposed to a § 113(f) private party contribution action). Some courts have raised the question whether a justiciable case or controversy exists for mandatory declaratory relief without a showing of future damages. However, the plain language of the statute provides for mandatory declaratory relief and the court assumes the plain language controls. *Accord Canadyne-Georgia Corp. v. Bank of Am., N.A.*, 174 F. Supp. 2d 1337, 1359 (M.D. Ga. 2001). Also, the court agrees with the magistrate judge on this issue.

**3. Summary**

In summary, USA and GIP's objections as to owner liability are not well taken. Therefore, the court, having reviewed the materials in the record on this matter *de novo*, **ADOPTS** the portion of the Report and Recommendation concerning owner liability, (Doc. 22), and **DISMISSES WITH PREJUDICE** the claims in the complaint predicated on owner

liability.

### III. Conclusion

In conclusion, the court **ADOPTS** the magistrate judge's Report and Recommendation, (Doc. 31), and **DENIES** USA's motion for leave to amend, but **GRANTS** USA leave to dismiss its operator liability claim. Further, the court, **ADOPTS** the magistrate judge's Report and Recommendation, (Doc. 22), and **DISMISSES WITH PREJUDICE** USA's complaint.

**DONE** and **ORDERED** this 1st day of April, 2015.

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE